UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JACQUELINE CARTER as next of friend for WILLIAM H. CARTER** | : | **CIVIL ACTION NO.:** |
| **VERSUS** | : | **JUDGE:** |
| **CITY OF SHREVEPORT CPL. BUTLER, CPL. HURST, T. TOBIN LT. JOSEPH DEWS and CAPT. DEBBIE STRICKLAND** | : | **MAGISTRATE JUDGE: HORNSBY** |

<u>**COMPLAINT WITH JURY DEMAND**</u>

<u>JURISDICTION</u>

1.  Plaintiff Jacqueline Carter as next of friend for William H. Carter, brings this cause of action for monetary damages and declaratory relief pursuant to 42 USC 1983 and 1988, Americans with Disabilities Act Amendments Act (ADAAA) and The Rehabilitation Act to redress the deprivation by defendants, their agents, and employees, and others acting in concert with them under the color of state law, of the plaintiff's rights, privileges and immunities secured by the Constitution of the United States, Fourth, Eighth Amendment and Fourteenth Amendments and by the Constitution, ADAAA, The Rehabilitation Act, and negligence laws of the State of Louisiana.

-1-

2. Jurisdiction is invoked pursuant to 28 USC Sections 1331, 1343(a)(1), (2), (3) and (4). Plaintiff alleges pendant jurisdiction and supplemental jurisdiction over the state law claims.

## PARTIES

3. William Carter is a citizen of the State of Louisiana and the United States of America. He is domiciled at 4021 Theo Street, Shreveport, Caddo Parish, Louisiana. He is not an inmate or prisoner of any jail or correctional facility. He is now confined to the University Health Center due to mental issues related to a medical health condition. Jacqueline Carter as next of friend, is the mother and caretaker of Mr. William Carter. She is domiciled at 4021 Theo Street, Shreveport, LA. Mr. Carter is currently unable to manage his daily affairs.

4. Made Defendants herein are:

   A. City of Shreveport, a municipality and political subdivision of the State of Louisiana. It is domiciled in Shreveport, Caddo Parish, Louisiana.

   B. Cpl. Butler, at all times relevant herein is a jailer at the Shreveport City jail. He is an employee of the City of Shreveport. At all times relevant herein, Butler acted under the color of state law. He is sued in his individual and official capacities.

C. Cpl. Hurst, at all times relevant herein is a jailer at the Shreveport City jail. He is an employee of the City of Shreveport. At all times relevant herein, Hurst acted under the color of state law. He is sued in his individual and official capacities.

D. Joseph Dews, at all times relevant herein was the Lieutenant in charge of the Shreveport City jail. He is an employee of the City of Shreveport. At all times relevant herein, Dews acted under the color of state law. He is sued in his individual and official capacities.

E. Debbie Strickland, at all times relevant herein was a Captain in charge of the Shreveport City jail. She is an employee of the City of Shreveport. At all times relevant herein, Strickland acted under the color of state law. She is sued in her individual and official capacities.

F. T. Tobin at all times relevant herein is a jailer at the Shreveport City jail. He is an employee of the City of Shreveport. At all times relevant herein, Tobin acted under the color of state law. He is sued in his individual and official capacities.

G. T. Nesbitt at all times relevant herein is a jailer at the Shreveport City jail. He is an employee of the City of Shreveport. At all times

relevant herein, Nesbitt acted under the color of state law. He is sued in his individual and official capacities.

  H. B. Norsworthy at all times relevant herein is a jailer at the Shreveport City jail. He is an employee of the City of Shreveport. At all times relevant herein, Norsworthy acted under the color of state law. He is sued in his individual and official capacities.

  I. A. Lofton, at all times relevant herein is a jailer at the Shreveport City jail. He is an employee of the City of Shreveport. At all times relevant herein, Lofton acted under the color of state law. He is sued in his individual and official capacities.

## FACTS

5. William Carter was at all relevant times herein paralyzed from the waist down. He is unable to walk. He must use a wheelchair for mobility. He is unable to rollover or turn himself in a bed without an accommodation.

6. On or about October 10, 2016, Shreveport police officers J.D. Smith and Sgt. Presley arrested William Carter at his home at 7206 Union Street, Shreveport, on misdemeanor charges of unauthorized use of 911. Cpl Butler and Cpl. Hurst transported William Carter in a handicap van to the Shreveport City Jail. Smith booked Mr. Carter into the Shreveport city jail. T. Tobin and A. Lofton were the intake officers who classified petitioner. T. Nesbitt and A. Lofton provided the intake screening and

noted Mr. Carter's disability and his wounds and need for wound care. Neither T. Nesbitt, T. Tobin, Butler, Lofton, Hurst, Strickland, Dews nor Smith took steps so that Mr. Carter was provided adequate wound care, provided accommodations, provided care by the jail nurse or obtained appropriate classification.  Strickland and Dews failed to properly supervise or provided adequate oversight so that Petitioner received proper care.  Petitioner was in obvious need of being classified as disabled and in need of constant medical oversight.

7.	At his first appearance at the booking area, Officer Smith noted and made the jail intake officers aware of Mr. Carter's obvious disability.  However, Mr. Carter was not booked in on October 10, 2017 but was placed immediately at the behest of Lofton, Tobin and Nesbitt into an isolation cell which had a bed but no mattress.  No pressure ulcer prevention plan was entered for Mr. Carter. Carter's condition required a special mattress to reduce pressure on his bed sores.  He was placed onto a bunk, an iron cot without any mattress. However, jailers did not regularly observe Mr.  William Carter and did not turn or roll him in his jail bed to avoid infection of his bed sores. And, his wheelchair was taken away which prevented his getting up out of bed and moving about his cell, taking pressure off the bed sores and preventing other bed sores from forming.   Carter was not formally booked into the jail until October 12, 2016. From October 10, 2016 to October 12, 2016 when booked, Carter received no medical attention or assistance with his bed sores.

8. Because Mr. Carter is paralyzed, he must be turned in his bed or otherwise repositioned or he will develop or aggravate pressure ulcers or bed sores. When booked into Shreveport city jail, Mr. Carter had some bed minor sores.

9. Mrs. Carter, the mother and next of friend of William Carter, contacted the Shreveport city jail several times by telephone and in person. She told Shreveport city jailers including defendants several times to make sure Mr. Carter is turned regularly, his wounds cleaned, bandages and dressing changed, and to see a doctor. She was told he would see a doctor and was being cared for.   However, none of these things were done for William Carter.  He didn't see a doctor until October 16, 2016.

10. Due to the complete absence of any care for his bed sores, William Carter developed significant and grotesque wounds.  The wounds had become so bad that they emitted a stench. Shreveport city jailers including defendants knew of Carter's condition.  His condition was serious and obvious.  They should have turned him, cleaned his wounds, changed the dressing and taken him to see a doctor.  At some point when the infection of the wound started, William Carter should have been provided antibiotics and sent to a hospital.   The infections are obvious due to their effect upon Carter, their size, appearance and stench.

11. All charges against Carter were dismissed.  William Carter was released from the Shreveport city jail on or about October 18, 2016 by Defendant B. Norsworthy. Norsworthy did not provide any medical attention for Plaintiff although it was obvious

that his bed sores were infected and that he had been unable to turn himself or change his bandages and dressing.

12. Mr. Carter was admitted to Willis Knighton Medical Center on Greenwood Road in Shreveport, LA, shortly after his release. The infection became so bad that it affected his mental status. He remained in the hospital for about six weeks or until his infections were under control. The infections have caused his mental health to deteriorate. As of the date of the filing of this Complaint, he is unable to conduct his daily affairs in part due to the infections which developed in the Shreveport city jail in October 2016.

### COUNT ONE: FAILURE TO PROVIDE MEDICAL CARE

13. Your petitioner incorporates paragraphs 1-12 as though fully set forth herein.

14. Defendants T. Nesbitt, T. Tobin, Butler, Hurst, Dews, Smith, Strickland, Lofton and Norsworthy's failure to provide medical assistance or wound care or adequate accommodations to your petitioner under the circumstances violated Plaintiff's rights under the Fourth and Fourteenth Amendment as applied to these city employees through the Fourteenth Amendment. Plaintiff had an obvious and serious condition and infection requiring immediate medical attention. The City instituted inadequate policies and training to guide its jailers regarding the needs of a prisoner who presents with requirements of wound care or who is paralyzed.

## COUNT TWO: DISCRIMINATION UNDER ADAAA, REHABILITATION ACT, FAILURE TO PROVIDE ACCOMMODATIONS

15. Your petitioner incorporates paragraphs 1-14 as though fully set forth herein.

16. Defendant CITY OF SHREVEPORT acting through its defendants and other employees failed to provide accommodations to your petitioner which under the circumstances violated Plaintiff's rights under the Americans With Disabilities Act and the Rehabilitation Act. Plaintiff had an obvious and serious disability which required the accommodation of turning or rolling him in bed or getting him out of bed periodically throughout the day and night. Further, there was no jail bed provided in which Mr. Carter could self-help himself to get out of bed or to turn himself and/or assistance with changing dressing or a special mattress or bedding that would create air flow between Petitioner's body and the jail bedding. The Shreveport City jail was built in 2004 and is subject to the ADAAA and the Rehabilitation Act.

17. Defendants' acts or omissions as described herein caused Plaintiff to suffer more pain and punishment than non-disabled prisoners. The denial of adequate bedding is a denial of equal access to programs and services of the jail under the ADAAA. Defendants intentionally discriminated against Petitioner due to his disability.

18. In addition, Defendant City and its employees had available another location where your petitioner could be securely housed which provided the services of adequate bedding and/or accommodations. Further, jailers should have provided an additional substitute mattress, air mattress or other suitable material which provided air flow between Mr. Carter's body and the jail bed's mattress to avoid aggravation of bed sores.

COUNT THREE: FAULT AND NEGLIGENCE<br>UNDER LOUISIANA LAW

19. Your petitioner incorporates paragraphs 1-18 as though fully set forth herein.

20. The failure to provide medical care by the Defendant City of Shreveport's employees and jailers and nurses to your Petitioner violated Louisiana Civil Code Article 2315. Defendants were at fault for their failure to provide medical care, access to services, adequate housing, and accommodations. Jailers as custodians have a duty to protect their charges. Plaintiff suffered and exhibited the signs of pain and infection but defendants failed to contact the jail doctor at their earliest opportunity, failed to change bandages in accordance with written directions to do so and failed to arrange for Plaintiff be taken to a hospital. The failure to send him to a hospital or other health care provider when Plaintiff was booked and suffering from infection delayed needed medical treatment which in turn caused Plaintiff to suffer from infections and

other conditions associated with the infection including but not limited to pain, discomfort, and mental health issues. After the doctor saw Plaintiff on October 16, 2016, the doctor ordered jail employees provide Plaintiff with assistance to change dressing and bandages, but he was not.

21. Defendants' failure to provide adequate medical assistance to your petitioner under the circumstances was below the standard of care of jailers and nurses in a jail setting.  The officers, jailers and nurses failed to recognize an infection and the need to roll Mr. Carter regularly and failed to recommend appropriate treatment.

## MISCELLANEOUS

22. As a result of the above described injuries, your petitioner is entitled to general damages for past and future pain and suffering, mental distress, loss of enjoyment of life, reduced earning capacity, inconvenience, and embarrassment as well as special damages for past and future medical expenses as to all defendants.

23. Additionally, your petitioner, should he prevail herein, will be entitled to an award of reasonable attorney fees, court costs,  and litigation expenses plus judicial interest.

24. Your petitioner is entitled to punitive damages against individual officers, warden, jail captain, booking officer, jailers and nurses because each acted with deliberate indifference as to your petitioner's federally protected rights.

25. Petitioner requests an injunction issue herein to order the City of Shreveport to develop and implement policies to address disabilities related to paralyzed prisoners and come into compliance with the ADAAA and the Rehabilitation Act.

26. Petitioner requests the Court to declare the policies and practices in effect while Plaintiff William Carter was a prisoner at the Shreveport city jail were in violation of the ADAAA and the Rehabilitation Act.

27  Your Petitioner is entitled to a trial by jury.

28. Your Petitioner is entitled to proceed informa pauperis.

WHEREFORE, William Carter through his next friend, Jacqueline Carter, prays that:

I. There be judgment herein in his favor and against Defendants T. Nesbitt, T. Tobin, Butler, Lofton, Hurst, Smith, Strickland, Dews and Norsworthy and City of Shreveport, in solido, for a reasonable sum for compensatory and consequential damages, plus all attorney fees, court costs, litigation expenses and judicial interest.

II. There be judgment herein in his favor and against Defendants City of Shreveport under the ADAAA and other applicable laws and against T. Nesbitt, T. Tobin, Butler, Hurst, Smith, Strickland, Dews and Norsworthy in solido, for a reasonable sum of punitive damages.

III.   There be judgment in his favor and against declaring their acts to be a constitutional violation, violating your petitioner's Fourth and Fourteenth Amendments Rights and rights and privileges under the ADAAA and the Rehabilitation Act and enjoining defendants to implement policies and training in the field of medical care for paralyzed inmates, those suffering from bed sores and to provide housing to accommodate inmate with paralysis.

IV.   Petitioner be permitted to proceed informa pauperis.

                              Respectfully Submitted,

By:   /s/ Nelson W. Cameron
      Nelson W. Cameron
      ATTORNEY AT LAW
      675 Jordan Street
      Shreveport, Louisiana  71101
      318/226-0111

      **ATTORNEY FOR**
      **WILLIAM H. CARTER, PLAINTIFF**