UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JACQUELINE CARTER AS NEXT OF FRIEND FOR WILLIAM H. CARTER | CIVIL ACTION NO. 17-1289 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a re-urged Motion for Summary Judgment (Record Document 43) filed by Defendants. Plaintiff Jacqueline Carter ("Plaintiff") filed an opposition (Record Document 57), a supplemental memorandum in opposition (Record Document 66), and a second supplemental memorandum in opposition (Record Document 72) to the original motion. The Court initially ruled on this motion in January of 2021. See Record Documents 81 and 82. The Court then granted Defendants' motion to reset the Motion for Summary Judgment in March of 2023. See Record Document 136. For the following reasons, the Motion for Summary Judgment is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The instant suit arises from allegedly inadequate medical care provided to William Carter ("Carter") while he was jailed at the Shreveport City Jail from October 10 through October 18, 2016. See Record Document 20. Carter's mother, Jacqueline Carter, filed suit on his behalf in this Court in October 2017, alleging, among other things, negligence and deliberate indifference by various defendants. See Record Document 1.

Carter has been paralyzed from the waist down for over a decade as a result of a gunshot wound to his abdomen at age sixteen and must use a wheelchair for mobility.

1

See Record Document 57-1. Carter has a history of physical and mental health problems, including for present purposes, severe stage IV pressure ulcers (commonly known as "bed sores") on his hip and buttocks. See id. The nature and extent of these bed sores require daily bandage changing and frequent turning or repositioning while in bed in order to prevent aggravation and possible infection. See Record Document 20 at 6.

Carter was arrested on October 10, 2016, at his home for the unauthorized use of 911 after making several phone calls to dispatch for non-emergency purposes. See id. at 5. Carter's subsequent incarceration forms the basis of this suit.

The present Motion for Summary Judgment was initially filed on June 22, 2020. See Record Document 43. On January 21, 2021, this Court granted the motion as to the Section 1983 claim against the City of Shreveport and as to all claims filed against Lt. Joseph Dews. See Record Documents 81 and 82. The Court denied the motion in all other respects. See id.

After an appeal of the Court's ruling was denied, the Court subsequently allowed Defendants to re-urge two previously filed Daubert motions; the motions were then set for oral argument, which occurred on March 15, 2023. See Record Document 128. These two Daubert motions were recently granted. See Record Documents 148 and 150.

In the interim between oral argument and the Court's decision, Defendants filed a Motion for Reconsideration of the Motion for Summary Judgment filed in 2020. See Record Document 134. This Court granted the Motion for Reconsideration and reset the Motion for Summary Judgment. See Record Document 136. In analyzing the re-urged Motion for Summary Judgment, the Court notes all of the arguments made by each party in the original briefing for the motion. See Record Documents 43, 67, 66, and 72.

In the supplemental memorandum to the Motion for Reconsideration, Defendants argue that, if the Court grants the two pending Daubert motions, "Plaintiff will have no evidence to present at trial to establish medical causation, which is an essential element of [Plaintiff's] § 1983 claims." See Record Document 134 at 2. Defendants argue that causation is a necessary element to a deliberate indifference claim, yet Plaintiff lacks the specialized knowledge to testify as to the deterioration in Carter's physical condition that serves as the basis for the claim. See Record Document 134-2 at 7. With the exclusion of Dr. Joel Nitzkin's testimony, Defendants assert that "Plaintiff has no expert or other medical professional who can opine on medical causation" as required by Fifth Circuit precedent. See id. Additionally, Defendants assert that the Court should reconsider its evaluation of the deliberate indifference claims as to the arresting officers and the jailers, arguing that the evidence simply does not rise to the high standard required for such claims. See id. at 2–6. Further, Defendants also urge the Court to reconsider Plaintiff's claims under the Americans with Disabilities Act ("ADA") because "there is no evidence that the consequential limitations of [Carter's] disability were known to defendants or that defendants failed to make reasonable accommodations for any known limitations." See id. at 9. Nor is there evidence of any intentional denial of accommodations, according to Defendants. See id.

In response to Defendants' newly-raised arguments, Plaintiff filed a memorandum in opposition and a supplemental memorandum in opposition. See Record Documents 138 and 145. In these oppositions, Plaintiff argues that the evidence has not changed since this Court originally denied the Motion for Summary Judgment, and Plaintiff can still establish each of her claims See Record Document 138 at 2. As to the medical causation

3

issue, Plaintiff points out that this Court already decided that "a lay person is qualified to opine as to the causation of the aggravation of bed sores." See id. at 15. Plaintiff asserts that there was no clear error in this Court's reliance on the observations of Plaintiff as to the condition of Carter's bed sores before and after his incarceration. See id. Further, Plaintiff argues that the Court should not dismiss the ADA claims because Plaintiff has produced evidence as to each element of the claim. See id. at 22.

## LAW AND ANALYSIS

### A. Legal Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). "Summary judgment is proper 'where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact.'" Geiserman v. MacDonald, 893 F.2d 787, 793 (5th Cir. 1990) (quoting Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir.1988)).

4

If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). Further, on a motion for summary judgment, inadmissible material will not be considered because it cannot later be used at trial and thus cannot establish a genuine dispute of material fact. See Geiserman, 893 F.2d at 793.

**B. Analysis**

Upon reconsidering the arguments and evidence, as well as the supplemental briefing by the parties, the Court finds that its original ruling on the Motion for Summary Judgment was correct, and thus, Defendants are not entitled to judgment as a matter of law at this time.

Although the Court recently excluded Plaintiff's experts' testimony, this does not alter the Court's initial holding that expert testimony may not be necessary in this case to establish a *prima facie* claim for deliberate indifference. Plaintiff stresses this Court's previous reliance on the general rule that expert testimony is not necessary to prove causation "if all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience or observation." Salem v. U.S. Lines Co., 370 U.S. 31, 35, 82 S. Ct. 1119 (1962) (internal quotation marks omitted). Here, the Court

5

does not see any reason to depart from its original position that Plaintiff's own testimony as to Carter's condition before and after his incarceration, as well as that of Carter's treating physician Dr. Ibrahim, are sufficient to take this matter to trial on the deliberate indifference claim.

Defendants' reliance on Muniz v. United States, No. CIV.A. H-12-1813, 2015 WL 1058097 (S.D. Tex. Mar. 9, 2015), is misplaced. In Muniz, a court in the Southern District of Texas held that "[u]nless the mode or form of treatment is within common knowledge or lay experience, expert testimony is needed to prove the standard of care, its breach, and how the breach caused the harm." Id. at *12. In Carter's case, however, this Court has already held that the general change in Carter's bed sores is within Plaintiff's common knowledge, as someone who is familiar with and directly involved in Carter's daily care. See Record Document 81 at 15. This Court has already made this exact distinction between the need for expert versus lay testimony in its prior ruling, in which this Court stated that the "medical issues presented here—bed sores and wound infections—can be testified to by someone without formal medical training." See id. The Court contrasted this with the medical issues in cases like Muniz, which "involve complex medical issues outside the knowledge and observation of a lay person." See id. Further, Muniz, like many of the other cases Defendants rely on, deals with medical malpractice and the appropriate standard of care for physicians. Carter's case is distinguishable because it concerns the alleged deliberate indifference of arresting officers and jailers, not medically trained professionals. Thus, the Court is not persuaded by Defendants' reliance on Muniz.

The Court also notes case law establishing that evidence of medical causation is not always required to prove deliberate indifference specifically. For example, in

Woodward v. Lopinto, No. CV 18-4236, 2021 WL 2853111, at *2 (E.D. La. July 8, 2021), the District Court for the Eastern District of Louisiana rejected the defendants' argument that the plaintiff needed evidence of medical causation to recover on her claim of deliberate indifference to her medical needs. Similarly, in Moore v. LaSalle Mgmt. Co., 41 F.4th 493, 507–08 (5th Cir. 2022), the Fifth Circuit explained that "in Louisiana, expert medical testimony isn't required when it is self-evident that an action was a cause in fact of a…personal injury—i.e., when the relevant medical matters are within common knowledge." (internal quotation marks omitted). Thus, as explained above, if a lay witness can testify to observations within her common knowledge, even if they relate to medical issues, there is no need for expert testimony as to medical causation. See Jenkins v. United States, 857 Fed. App'x 820, 821 (5th Cir. 2021) ("[E]xpert testimony is necessary to establish causation as to medical conditions **outside** the common knowledge and experience of [the finder of fact.") (emphasis added) (quoting Ellis v. United States, 673 F.3d 367, 373 (5th Cir. 2012)). Thus, Plaintiff's deliberate indifference claims are not necessarily defeated by the exclusion of Plaintiff's experts' testimony.

Finally, as to the ADA claims, the Court sees no reason to deviate from its previous ruling. No new evidence has been adduced that would eliminate the fact issue this Court found when it originally ruled on the issue in January of 2021. See Record Document 81 at 16. Thus, Defendants are not entitled to judgment as a matter of law on any of Plaintiff's claims, and the Motion for Summary Judgment is **DENIED**.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Summary Judgment (Record Document 43) is **DENIED**.

An order consistent with the terms of this ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 11th day of April, 2023.

        S. MAURICE HICKS, JR., DISTRICT JUDGE
        UNITED STATES DISTRICT COURT