UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JACQUELINE CARTER as next friend of WILLIAM H. CARTER | CIVIL ACTION NO. 17-1289 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Jacqueline Carter's ("Carter") "Motion to Review Assessment of Costs FRCP 54(D)(1)." Record Document 213. Carter asserts that the Clerk's Taxation of Costs (Record Document 212) in the amount of $4,518.31, which was entered on February 8, 2024, is in error. Carter contends that no court costs should be assessed against her because of the disparity of the parties' financial circumstances, due to her good faith, and because the cause of act is of public importance. See Record Document 213. Alternatively, Carter submits that certain items contained in the Clerk's Taxation of Costs are in error. See id.

This matter went to jury trial in October 2023. The jury returned a verdict in favor of Defendants. See Record Document 201. There is a "strong presumption that the court will award costs to the prevailing party." Salley v. E.I. DuPont de Nemours & Co., 966 F.2d 1011, 1017 (5th Cir. 1992). Notwithstanding, Rule 54(d) permits the court to exercise its discretion and withhold an award of costs to the prevailing party if it first articulates its reasons for doing so. See id.; see also Pacheco v. Mineta, 448 F.3d 783, 794 (5th Cir. 2006). Factors invokes to justify withholding costs from the prevailing party include: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public;

1

and (5) the prevailing party's enormous financial resources." Id. Courts may "also deny costs if the losing party prosecuted the action in good faith." Id. Yet, good faith, by itself, cannot defeat the operation of Rule 54(d)(1). See id.

Here, the Court has reviewed the record as a whole and declines to exercise its discretion to deny an award of costs to the prevailing party in this matter. The Court concurs with Carter's specific objections to certain assessment of costs relating to depositions, witness fees, private process service fees, and printing and copying. See Record Document 213-1 at 5-8. Therefore, the $4,518.31 award of costs is reduced by $2,429.38 for the reasons set forth in Carter's Motion to Review Assessment of Costs. The total costs awarded are $2,088.93:

| | |
|---|---|
| Fees of the Clerk | $ 505.00 |
| Fees for Printed or Electronically Recorded Transcripts | $ 864.20 |
| Fees for Witnesses | $ 41.57 |
| Fees for Expert Witnesses | $ 40.00 |
| Service Fees | $ 0 |
| Printing and Copying | $ 638.16 |
| **TOTAL** | **$ 2,088.93** |

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 13th day of August, 2024.

_____
United States District Judge

2